UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JAMES CARL KELLY,<br><br>        Plaintiff,<br><br>    v.<br><br>GAVIN NEWSOME, et al.,<br><br>        Defendants. | Case No.: 1:24-cv-01063-SKO<br><br>**FINDINGS AND RECOMMENDATIONS TO DENY IN FORMA PAUPERIS STATUS**<br><br>**14-DAY OBJECTION PERIOD**<br><br>Clerk of the Court to Assign District Judge |

Plaintiff James Carl Kelly is proceeding pro se in this civil rights action pursuant to 42 U.S.C. section 1983.

## I.  INTRODUCTION

Plaintiff initiated this action by filing a complaint on September 6, 2024. (Doc. 1.) That same date, Plaintiff filed a handwritten motion to proceed *in forma pauperis* (IFP) and a motion for the appointment of counsel. (Docs. 2 & 3.)

Although Plaintiff has not submitted a formal application to proceed IFP form in this action, the Court finds one unnecessary for the reasons discussed below.

## II.  THREE-STRIKES PROVISION OF 28 U.S.C. § 1915

28 U.S.C. section 1915 governs IFP proceedings. The statute provides that "[i]n no event shall a prisoner bring a civil action . . . under this section if the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of

the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury." 28 U.S.C. § 1915(g).

In determining whether a case counts as a "strike," "the reviewing court looks to the dismissing court's action and the reasons underlying it…. This means that the procedural mechanism or Rule by which the dismissal is accomplished, while informative, is not dispositive." *Knapp v. Hogan*, 738 F.3d 1106, 1109 (9th Cir. 2013) (citation omitted).

### III.    DISCUSSION

The Court takes judicial notice[1] of several prior lawsuits filed by Plaintiff in this Court:

1. *Kelly v. Gyorkey*, No. 2:11-cv-02142-WBS-EFB (E.D. Cal.) (dismissed for failure to prosecute and failure to state a claim on August 3, 2012)
2. *Kelly v. Elit,* No. 1:18-cv-00019-DAD-SAB (E.D. Cal.) (dismissed for failure to state a claim on June 25, 2018)
3. *Kelly v. Sao*, No. 1:18-cv-00484-DAD-EPG (E.D. Cal.) (dismissed for failure to state a claim on October 16, 2018)

A dismissal for a failure to state a claim is a strike for purposes of 28 U.S.C. § 1915(g). *Moore v. Maricopa Cty. Sheriff's Office*, 657 F.3d 890, 893-94 (9th Cir. 2011). Because Plaintiff has incurred at least three prior "strikes, and each was dismissed prior to the commencement of the current action on September 6, 2024, Plaintiff is subject to the section 1915(g) bar. Moreover, he is precluded from proceeding IFP in this action unless, at the time he filed his complaint, he was under imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1052-53 (9th Cir. 2007).

The Court has reviewed the complaint in this action and finds that Plaintiff's allegations do not meet the imminent danger exception. Plaintiff alleges his constitutional rights were violated when prison officials verbally sexually harassed him and retaliated against him for seeking to file a Prison Rape Elimination Act (PREA) complaint following the verbal sexual harassment. (Doc.

---

[1] The Court may take judicial notice of court records. *United States v. Wilson*, 631 F.2d 118, 119 (9th Cir. 1980).

2

1.) Neither circumstance poses an imminent danger of serious physical injury. *Blackman v. Mjening*, No. 1:16-cv-01421-LJO-GSA-PC, 2016 WL 5815905, at *1 (E.D. Cal. Oct. 4, 2016) ("Imminent danger of serious physical injury must be a real, present threat, not merely speculative or hypothetical"); *White v. Colorado*, 157 F.3d 1226, 1231-32 (10th Cir. 1998) ("Vague and utterly conclusory assertions" of harm are insufficient).

Vague "verbal threats of physical harm to [] health and safety" are insufficient "to demonstrate imminent danger of serious physical injury." *Cruz v. Pfeiffer*, No. 1:20-CV-01522-AWI-SAB (PC), 2021 WL 289408, at *2 (E.D. Cal. Jan. 28, 2021); *Ray v. Sullivan*, No. 1:20-cv-01699-NONE-HBK, 2021 WL 2229328, at *4 (E.D. Cal. June 2, 2021) (same); *see also Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 552 (D.S.C. 2008) (finding that a plaintiff's allegations of continuous threats to his life, amongst others, to be "unsupported, vague, self-serving, conclusory speculation" insufficient to satisfy the imminent danger exception*); Cruz v. Calderon*, No. 22-CV-05556-HSG, 2022 WL 18399570, at *3 (N.D. Cal. Dec. 16, 2022) (verbal threats unaccompanied by further action fail to satisfy § 1915(g)'s imminent danger exception); *Chambers v. Ebbert*, No. 3:18-cv-1009, 2019 WL 4235360, at *2 (M.D. Penn. Sept. 5, 2019) (plaintiff's allegations involving "a few vague threats of a sexual nature, that he had been subject to false reports, which he claims affected his good time credit, and that he had been denied contact with his family" do not establish impending danger and are insufficient to meet the imminent danger standard).

Vague and conclusory assertions of retaliatory behavior also fail to meet the imminent danger of serious physical injury exception. *Adams v. Dahl*, No. 1:20-CV-00852-CDB PC, 2022 WL 16708264, at *3 (E.D. Cal. Nov. 4, 2022) (finding claims that guards retaliated against prisoner "by stalking, harassing, and threatening," and by "creat[ing] a dangerous environment by calling [him] a 'snitch' and a 'piece of shit,'" insufficient to show "impending harm"); *Alkebu-Lan v. Hazelwood*, No. 21-CV-06063-JST, 2022 WL 19317, at *4 (N.D. Cal. Jan. 3, 2022) (finding allegations that prison officials "threatened [plaintiff's] life for appealing ... disciplinary violations" insufficient to show imminent danger of serious physical injury at the time of filing); *Prophet v. Clark*, No. CV 1-08-00982-FJM, 2009 WL 1765197, at *1 (E.D. Cal. June 22, 2009)

(finding prisoner's access to the courts, interference with legal mail, and retaliation claims insufficient to satisfy § 1915(b) exception for cases of "imminent danger of serious physical injury").

To the extent Plaintiff references his fear associated with a past sexual assault, the "imminent danger" exception cannot be triggered solely by complaints of past harm. *See Andrews*, 493 F.3d at 1053 ("The exception's use of the present tense, combined with its concern only with the initial act of 'bring[ing]' the lawsuit, indicates to us that the exception applies if the danger existed at the time the prisoner filed the complaint."); *Miller v. McDaniel*, No. 6:21cv006, 2021 WL 388458, at *2 (E.D. Tex. Jan. 7, 2021) ("Miller fails to show that he is in imminent danger of serious physical injury. While he states that he is in imminent danger as a result of a previous alleged sexual assault, such claim concerns past harm. In other words, Miller's conclusory claim of imminent danger stems from past acts and his fear of future harm"); *Allen v. Villanueva*, No. 3:20-cv-02334-WQH-WVG, 2021 WL 614995, at *2 (S.D. Cal. Feb. 16, 2021) ("conclusory references to a past incident of force, without more, are insufficient to plausibly suggest Plaintiff faced an 'imminent danger of serious physical injury' at the time he filed his Complaint"); *Cohea v. Davey*, No. 1:19-CV-01281-LJO-SAB (PC), 2019 WL 5446490, at *1 (E.D. Cal. Oct. 24, 2019) (finding prisoner's allegations of past assaults insufficient to show "imminent danger" under 1915(g)), reconsideration denied, No. 1:19-CV-01281-NONE-SAB (PC), 2020 WL 5763929 (E.D. Cal. Sept. 28, 2020).

The "imminent danger" exception is available "for genuine emergencies," where "time is pressing" and "a threat . . . is real and proximate." *Lewis v. Sullivan*, 279 F.3d 526, 531 (7th Cir. 2002). Plaintiff has presented no genuine emergency where time is pressing, and a threat is real and proximate.

In sum, this Court finds Plaintiff has suffered three or more strikes and was not under imminent danger of serious physical injury when he filed his complaint in this action. Therefore, Plaintiff should be precluded from proceeding IFP in this action. *Andrews*, 493 F.3d at 1052-53.

### IV.     ORDER AND RECOMMENDATIONS

For the foregoing reasons, the Court **DIRECTS** the Clerk of the Court to assign a district

4

judge to this action and **RECOMMENDS** that:

> 1. Plaintiff's handwritten IFP application be denied (Doc. 2) and Plaintiff be precluded from proceeding IFP in this action in accord with 28 U.S.C. section 1915(g); and
> 2. Plaintiff be ordered to pay the $405.00 filing fee in full within 30 days.

These Findings and Recommendations will be submitted to the United States District Judge assigned to this case, pursuant to 28 U.S.C. § 636(b)(l). **Within 14 days** of the date of service of these Findings and Recommendations, a party may file written objections with the Court. The document should be captioned, "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff's failure to file objections within the specified time may result in waiver of his rights on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:   **September 9, 2024**            /s/ *Sheila K. Oberto*
                                                    UNITED STATES MAGISTRATE JUDGE